David Soto, Jr., Petitioner-Respondent,
against
Pitkin Junius Holdings, LLC, Respondent, and Acacia Network, Inc., Respondent-Appellant.




Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. (Virginia K. Trunkes), for respondent-appellant.
David Soto, Jr., petitioner-respondent pro se (no brief filed).

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Cheryl J. Gonzales, J.), entered July 15, 2016. The final judgment, insofar as appealed from, upon a decision of that court dated July 12, 2016, made upon stipulated facts, awarded possession to petitioner as against Acacia Network, Inc. in an unlawful entry and detainer summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
After he had been denied entry to a room he shared in a supportive three-quarter house which was leased by Acacia Network, Inc. (Acacia) from Pitkin Junius Holdings, LLC (Pitkin) and operated by Acacia for individuals with substance abuse problems (see generally 14 NYCRR ch 21, part 800 et seq.), petitioner commenced this unlawful entry and detainer proceeding (RPAPL 713 [10]) seeking to be restored thereto. Pitkin did not answer the petition or appear in the proceeding. In its answer, Acacia asserted that it was entitled to use self-help to regain possession since petitioner was a licensee and, in addition, petitioner had signed a "Resident Attestation" in which he had agreed that he had no tenancy rights to the premises. In response, petitioner argued that, pursuant to RPAPL 711 and New York City Administrative Code § 26-521, Acacia had been required to commence a summary proceeding to remove him. The Civil Court held that petitioner was a tenant, that the "Resident Attestation" was unenforceable and that Acacia was required to commence a summary proceeding to remove petitioner, and awarded petitioner a final judgment of possession.
For the reasons stated in Andrews v Acacia Network (__ Misc 3d ___, 2018 NY Slip Op ______ [appeal No. 2016-1792 K C], decided herewith), the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition. We note that while only Acacia appealed, the final judgment must be reversed in its entirety in order to grant complete relief to Acacia.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 02, 2018